UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-10-FDW
(3:15-cr-179-FDW-DCK-2)

| | |
|---|---|
| JACobaxIVAN HILL, ) | |
| Petitioner, ) | |
| vs. ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Letters, (Doc. Nos. 5, 6).

Petitioner filed a § 2255 Motion to Vacate in the instant case raising a number of claims including ineffective assistance of trial and appellate counsel and cumulative error. (Doc. No. 1). The Court ordered the Government to respond, which it did on April 3, 2020. (Doc. Nos. 2, 4).

In a Letter docketed on June 9, 2020, (Doc. No. 5), Plaintiff states that he never received a copy of a Response filed by the Government and requests the status of his case. The Clerk will be instructed to mail Petitioner a copy of the electronic docket sheet in this case as well as the Government's Response, (Doc. No. 2). Petitioner will be granted leave to file a Reply by July 16, 2020, if he so chooses.

In a Letter docketed on June 29, 2020, (Doc. No. 6), Petitioner seeks the Court's recusal from this action. Petitioner argues that a conflict of interest exists because Petitioner seeks § 2255 relief based, in part, on trial court error due to "abuses of discretion & improper bias…." (Doc. No. 6 at 1).

A litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against

1

him or in favor of any adverse party." 28 U.S.C. § 144.  The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists." Although the judge must accept as true the facts alleged in an affidavit filed under 28 U.S.C. § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations.  Davis v. United States, 2002 WL 1009728, at *1 (M.D.N.C. Jan. 8, 2002) (citing Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979)).  Further, a justice, judge, or magistrate judge must disqualify himself in any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455.

Plaintiff's request for the Court's recusal fails to satisfy § 144 and will be denied. Moreover, there is no basis for the Court to recuse itself because the mere fact that Petitioner is seeking § 2255 relief based, in part, on alleged judicial bias and abuse of discretion does not reasonably call the Court's impartiality into question.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Letter, (Doc. No. 6), is construed as a Motion to Recuse and is **DENIED**.
2. The Clerk is instructed to mail Petitioner a copy of the electronic docket sheet and the Government's Response, (Doc. No. 4).  Petitioner shall have until July 16, 2020 to file a Reply, if he so chooses.

Signed: July 1, 2020

_____
Frank D. Whitney
United States District Judge